IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01096–WJM–KMT

KATHLEEN SEABRON,
ROBERT LAYS,
CARLA LAYS,
KRISTY LARSON, and
VALERIE JENKINS, individually, and as class representatives of behalf of all others similarly situated,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, and
AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,

    Defendants.

## ORDER

This matter is before the court on "Plaintiffs' Motion to Compel Re: Plaintiffs' Second Set of Requests for Production to Defendants and for Sanctions" [Doc. No. 69] filed October 5, 2011. "Defendants' Response to Plaintiffs' Motion to Compel Re: Plaintiffs' Second Set of Requests for Production to Defendants And for Sanctions" [Doc. No. 76] was filed on October 18, 2011 and "Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion[s] to Compel"[1]

---

[1] This Reply was addressed to the defendants' response to the instant motion as well as to the related motion, "Plaintiffs' Motion to Compel Re: Plaintiffs' First Set of Interrogatories" [Doc. 67].

[Doc. No. 87] was filed on October 26, 2011.  The court held two hearings on this and other related motions [*see* Doc. Nos. 53, 61, 65, 67 and 72] on October 31, 2011 and on November 4, 2011, and heard extensive oral argument as to the six motions.  The court concludes that further argument would not be helpful and the remaining motions are ripe for review and ruling.

Fed. R. Civ. P. 26(b) provides:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

*Id*.  Relevance in the discovery context is broader than admissibility of evidence at trial.  *See Folsom v. Heartland Bank*, No. Civ.A.98-2308-GTV, 1999 WL 322691, at *1(D. Kan. May 14, 1999); *Caldwell v. Life Ins. Co. of N. Am.*, 165 F.R.D. 633, 638 (D. Kan. 1996); *United States v. Ausbrook*, No. 92-40064-01, 1993 WL 270506, at *3 (D.  Kan. June 4, 1993) ("'relevance' in civil discovery is a much more encompassing standard than 'relevance' in the admissibility of evidence . . . .  In fact, inadmissibility at trial is not a proper objection to discovery in a civil case.")  However, this legal tenant should not be misapplied to allow a fishing expedition in discovery.  *See Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992); *Orleman v. Jumpking, Inc*., No. CIV A. 99-2522-CM, 2000 WL 1114849, at *2 (D. Kan. July 11, 2000).

Further, Rule 26(b) provides, "All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." Fed. R. Civ. P. 26(b)(1).  Therefore, in order for information to be subject to discovery at all, it must be relevant or reasonably calculated to lead to relevant, admissible evidence, and, if it meets that initial criteria, it will also be subject to the restraints and

limitations of subsection (b)(2)(C), disallowing overly burdensome discovery requests, discovery of cumulative materials, and overly costly discovery requests. *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010).

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *See United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). The Federal Rules of Civil Procedure strongly favor full discovery whenever possible.

Plaintiffs are insureds of American Family Mutual Insurance Company and/or American Standard Insurance Company whose claims for first-party uninsured motorist benefits were all submitted to and then handled by the Colorado claims office of American Family—including the claims departments known as Medical Services Unit or Department and the Legal Services Department. Plaintiffs claim that through the use of these two departments, Defendants have created an institutional scheme involving unreasonable and unnecessary hurdles, road-blocks, and illegal and unreasonable requirements all designed to encourage and employ undervaluation, underpayment, and delay the payment of first-party uninsured motorist claims. According to Plaintiffs, this scheme enures unfairly to Defendants' benefit by allowing Defendants to keep funds rightfully belonging to its policyholders and/or delay policyholders'

payments, thereby keeping the funds longer than Defendants are entitled to.  Defendants deny that such a scheme exists and claim that Plaintiffs were offered a reasonable amount in settlement of their claims.  Defendant denies the nature and extent of Plaintiffs' injuries, damages and losses from their individual accidents and claims instead that Plaintiffs' claimed damages and losses are not wholly related to the accident and/or are less than the amount they have demanded.

Bearing the principals governing discovery in mind, and considering the context of the requests in relation to the claims and defenses, the court rules as follows as to Plaintiffs' motion:

<u>Request for Production of Documents No. 3</u>.

This request seeks documents that contain Defendants' organizational chart(s) or other information which shows or explains the manner in which Defendants are organized, both internally and with respect to one another.  Request for Production No. 3 is GRANTED in part. Plaintiffs assert that the organization of Defendants, particularly focusing on why certain units or departments within the organization exist, is designed to thwart legitimate claims and reduce benefits paid to policyholders.  Therefore, discovery requests dealing with the internal organization of Defendants is highly relevant and discoverable absent any privilege.  Defendants shall produce documents that contain, comprise or include their organizational charts and specifically including the organization of the claims and legal personnel during the period 2006 to present.

Request for Production of Documents No. 4.

This request seeks "complete copies of any and all documents, including communications, regarding any audits, surveys, studies or other analyses or consultations performed regarding your organization . . ." and then further delineates a study known as the Nolan Study and a certain audit authority and development project or study described by American Family witness Pamela Alsup during her August 11, 2010 deposition in the case of *Fiechtner v. American Family Mut. Ins. Co.* (United States District Court, District of Colorado, Civil Action No. 09-cv-02681-WJM-MEH) (hereinafter "Fiechtner Case"). For the same reasons as expressed in the ruling on Request for Documents No. 3, Request for Production of Documents No. 4 is GRANTED in part. Defendants will produce the two separately identified studies to the extent they exist. Additionally, Defendants shall produce all audits, surveys, studies or other analyses or consultations performed regarding or concerning the Legal Services Department – regardless of the name such department was known under at the time – and the Medical Services Unit or Department handling claims from the State of Colorado from the years 2006 to present. Defendants may submit any reports, audits, surveys, studies or other analyses or consultations otherwise covered by this Order *in camera* to the extent they lodge an objection as to the relevancy of the reports to the claims in this action. The court will review such objectionable material *in camera* and thereafter determine whether an individual study so produced to the court is relevant and should be included in the production of documents to Plaintiffs.

Request for Production of Documents No. 5.

This request seeks "any and all documents, including communications, regarding any reorganizations of you organization performed or done within the past five years." For the same reasons expressed in the order with respect to Requests for Documents No. 3 and 4, Request for Production of Documents No. 5 is GRANTED in part to the extent the reorganization affected, concerned or involved either the Medical Services Units or Department, or the Legal Services Department (regardless of the name such department was known under at the time) of the two defendants from the period 2006 to present. This order does not restrict the production of documents to only the state of Colorado.

Request for Production of Documents No. 6.

This request seeks documents "regarding the creation, establishment, organization and operation of [Defendants'] medical services unit or department." Plaintiffs have agreed to modify the ambiguous word "operation" to exclude routine daily tasks, and to mean instead, "How people at American Family are directed to use Medical Services." In response, Defendants attempted to narrow the request in such a manner as to comport with the claims raised by Plaintiffs in their Amended Complaint. [Doc. No. 47.] Defendants then responded pursuant to their own limitations. The existence of and purpose of these two units or departments within Defendants' organizational structure is crucial to Plaintiffs' claims. The Request for Production of Documents No. 6 is GRANTED in part. Defendants shall provide documents responsive to the request as written with respect to documents concerning or evidencing the creation and establishment of the Medical Services Unit or Department. Further,

Defendants shall provide documents to Plaintiffs which explain or describe, "how people at American Family are directed to use Medical Services" during the time period 2006 to present, absent the limitations suggested by Defendants, and whether, during that time period, the directives concerning "how people at American Family are directed to use Medical Services" changed, if any.  Further, Defendants shall provide to Plaintiffs documents that contain, comprise or include the organizational structure of the Medical Services Unit or Department concerning claims arising in the State of Colorado (to the extent the responsive documents are not duplicative to those produced in response to Request for Production of Documents No. 3) for the period 2006 to present.  Responsive documents shall exclude documents prepared in specific cases and as part of routine daily tasks.

Request for Production of Documents No. 7.

The documents sought in this request are the same as requested in Request for Production of Documents No. 6, except as the documents pertain to "claims legal, legal services and legal claims unit or department."  The order of the court will therefore be the same.  The Request for Production of Documents No. 7 is GRANTED in part.  Defendants shall provide documents responsive to the request as written with respect to documents concerning or evidencing the creation and establishment of the claims legal, legal services and legal claims unit or department.  Defendants shall provide documents to Plaintiffs which explain or describe "how people at American Family are directed to use claims legal, legal services and legal claims unit or department" during the time period 2006 to present, absent the limitations suggested by Defendants, and whether, during that time period, the directives concerning how people at

American Family personnel are directed to use claims legal, legal services and legal claims unit or department changed, if any. Further, Defendants shall provide to Plaintiffs documents that contain, comprise or include the organizational structure of the claims legal, legal services and legal claims unit or department concerning claims arising in the State of Colorado (to the extent the responsive documents are not duplicative to those produced in response to Request for Production of Documents No. 3 for the period 2006 to present. Responsive documents shall exclude documents prepared in claims adjustment cases and as part of routine daily tasks.

Request for Production of Documents No. 8.

This request seeks "documents regarding policies, procedures, protocols and guidelines applicable to your claims legal, legal claims, and legal services unit or department's handling, management and/or supervision of open uninsured/underinsured motorist insurance claims" over a five year time frame. The document request is limited in both time (5 years) and in scope (the handling of open uninsured/underinsured motorist insurance claims). The court will add the limitation that the request shall exclude documents prepared in specific claims adjustments and as part of routine daily tasks. With that limitation, the motion to compel with respect to Request for Production of Documents No. 8 is GRANTED and Defendants are directed to produce responsive, non-privileged documents.

Request for Production of Documents No. 9.

This request seeks documents explaining or describing the relationship between American Family Mutual Insurance Company and American Standard Insurance Company of Wisconsin. The Request for Production of Documents No. 9 is GRANTED in part. The court

again interprets this request to exclude documents created in specific claim files such as letters or memos and/or documents which are part of routine daily tasks. Further, the court rejects the request for "any and all documents" and instead will require Defendants to produce documents sufficient to explain and/or describe the relationship between American Family Mutual Insurance Company and American Standard Insurance Company of Wisconsin, including documents evidencing a change in the relationship between the two companies occurring between 2006 through present, if any.

Request for Production of Documents No. 10.

The court has determined there is no dispute between the parties about this request for documents; a protective order is now in place and Defendants have agreed to produce responsive, non-privileged documents.

Request for Production of Documents Nos. 11 and 12.

The objections to Request for Production of Documents Nos. 11 and 12 are sustained. The Motion is DENIED as to Request Nos. 11 and 12. The court will not compel Defendants to respond to these vague and overbroad requests any further than has been accomplished to date.

Request for Production of Documents No. 13

This request seeks documents regarding Defendants' use and/or prohibition on use of any electronic injury evaluation tool utilized in the evaluation of underinsured/uninsured motorist insurance claims. The request specifically mentions, but does not limit the request, to an evaluation tool called "Colossus." Plaintiffs have represented that during a different case against the same defendants, a defense expert stated that American Family's evaluation of claims was

"informed" by Colossus. Defendants object that the request is not relevant based on the claims in the Amended Complaint. Defendants' objections are overruled and the motion with respect to Request for Production of Documents No. 13 is GRANTED in part. How Defendants evaluate and adjust underinsured/uninsured motorist claims is at the very core of the claims and clearly any tool which helps the companies make those decisions is relevant. It is further relevant if a company has tools to evaluate claims such as those discussed in this request, but purposefully decides to decline use of the tool. However, the court will limit the request to exclude documents generated in specific claims files such as letters and memoranda and documents created as part of routine daily tasks. Further, the court will limit the request for documents to cover a period of time 2006 to present. With those limitations, Defendants are ordered to produce non-privileged documents responsive to this request.

### Request for Production of Documents No. 14

This request seeks electronic or other communications between Defendants' "home and Colorado office "regarding policies, procedures, protocols and guidelines regarding medical services, legal services (or claims legal or legal claims) or the evaluation of uninsured/underinsured motorist claims." This request is similar to Request No. 6 which was interpreted to seek information concerning "how people at American Family are directed to use Medical Services" and the court will again base its decision on that interpretation. Again, however, the court will limit the request to exclude communications which encompass "routine daily tasks" because the information sought becomes unreasonably burdensome if Defendants are forced to scour individual claim files for any letter or note that might somehow touch upon

policies, procedures or guidelines for the use of the Medical Services Unit or Department or the Legal Services Department. Also, the request shall be limited in time to the period 2006 to present. With those exceptions and limitations, the Motion is GRANTED in part as to Request for Production No. 14 and Defendants shall produce non-privileged documents responsive to the request.

### Request for Production of Documents Nos. 15, 16, 17 and 18.

These requests all seek documents concerning the operation of Defendants' Information Technology and Information Services divisions, including personnel, their email servers and platforms, their computer network and structure and their retention policies concerning electronic data. This information, of course, has bearing on how Defendants may search for documents responsive to discovery, but has no bearing whatsoever on the facts and circumstances of the case and the allegations concerning the processing of policyholders' claims under their underinsured/uninsured motorist insurance coverage. There has been no allegation that Defendants have destroyed evidence and no evidence that Defendants' document retention procedure is substandard. This information is not relevant even under the very broad brush painted by Fed. R. Civ. P. 26. Therefore, Defendants' objections to Requests No. 15, 16, 17 and 18 are sustained and the Motion to Compel is DENIED with respect to the same.

### Request for Production of Documents No. 19.

This request seeks expert disclosure. The deadline for disclosure of class discovery experts by defendant as provided in Fed. R. Civ. P. 26(a)(2) is January 16, 2012. The deadline for disclosure of other expert witnesses has not yet been set. This request is simply an end-run

around the dates set by the court. Therefore, Defendants objections to Request for Production No. 19 are sustained and the Motion is DENIED as to the same.

Request for Production of Documents No. 20.

The court has determined there is no dispute between the parties about this request for documents; a protective order is now in place and Defendants have agreed to produce responsive documents.

Wherefore, it is ORDERED

"Plaintiffs' Motion to Compel Re: Plaintiffs' Second Set of Requests for Production to Defendants and for Sanctions" [Doc. No. 69] is GRANTED in part and DENIED in part as more fully set forth herein.

Dated this 17th day of November, 2011.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge