IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01096–WJM–KMT

KATHLEEN SEABRON,
ROBERT LAYS,
CARLA LAYS,
KRISTY LARSON, and
VALERIE JENKINS, individually, and as class representatives of behalf of all others similarly situated,

   Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, and
AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,

   Defendants.

## ORDER

This matter is before the court pursuant to an *in camera* review of materials submitted by Defendants in accordance with the court's orders on November 4, 2011 [Doc. No. 98, "Minutes 11/4/11"] and November 17, 2011 [Doc. No. 103, "RFP Order"].

On November 4, 2011, with Plaintiff's Motion to Compel Re: Plaintiffs' First Set of Interrogatories [Doc. No. 67] under consideration, the court ordered, "Medical services and legal services records related to interrogatory No. 15, limited to Colorado, will be submitted to the Court for an *In-Camera* review." (Minutes 11/4/11 at 2.) Plaintiff's Interrogatory No. 15 reads,

> 15. Have the medical services or claims legal (legal claims or legal services) departments ever been the subject of any internal or external audit, survey, study, evaluation or other quality control analysis? If so, please describe it (or them) and provide the DATE and name of each audit/survey/study/analysis, IDENTIFY all PERSONS who participated in each audit/survey/study/analysis and IDENTIFY any DOCUMENTS RELATED thereto.

[Doc. No. 67-2.]. The counterpart to Interrogatory No. 15 is Plaintiffs' Request for

Production No. 4 which reads,

> Request for Production No.4: Please identify and produce complete copies of any and all documents, including communications, regarding any audits, surveys, studies or other analyses or consultations performed regarding your organization, including but not limited to the Nolan study (or any other consultation performed by Nolan or Robert E. Nolan Company) described by Christine Frame-Heiman during her October 3, 2010, deposition in the case of *Fiechtner v. American Family Mut. Ins. Co.* (United States District Court, District of Colorado, Civil Action No. 09-cv-02681-WJMMEH), and the audit authority and development project or study described by American Family's Fed.R.Civ.P.30(b)(6) witness, Pamela Alsup, during her August 11,2010, deposition in the case of *Fiechtner v. American Family Mut. Ins. Co.* (United States District Court, District of Colorado, Civil Action No. 09-cv-02681-WJM-MEH).

[Doc. No. 69-2]. The court addressed Request for Production No. 4 in its RFP Order, directing,

> . . . Request for Production of Documents No. 4 is GRANTED in part. Defendants will produce the two separately identified studies to the extent they exist. Additionally, Defendants shall produce all audits, surveys, studies or other analyses or consultations performed regarding or concerning the Legal Services Department – regardless of the name such department was known under at the time – and the Medical Services Unit or Department handling claims from the State of Colorado from the years 2006 to present. Defendants may submit any reports, audits, surveys, studies or other analyses or consultations otherwise covered by this Order *in camera* to the extent they lodge an objection as to the relevancy of the reports to the claims in this action. The court will review such objectionable material *in camera* and thereafter determine whether an individual study so produced to the court is relevant and should be included in the production of documents to Plaintiffs.

(RFP Order at 5.)

On November 21, 2011, Defendants delivered to the court a stack of documents which appeared at first glance to contain 585 pages of material for *in camera* review concerning potential responsive documents to Interrogatory No. 15. Upon careful review, the court found that sequential number DEFCAMERA000030 - 000070 were missing from the numbered production delivered to chambers,[1] so a total of 545 pages were actually produced. On November 23, 2011, Defendants delivered an additional 706 pages of material for *in camera* review. Of the second submission Defendants identified pages DEFCAMERA000586 - 001201 as documents responsive to Interrogatory No. 15 and pages DEFCAMERA001202 - 001291 as more directly responsive to Request for Production No. 4. Both the referenced "Nolan Study" and the "Audit Authority and Development project or study" were submitted in the latter group of documents.

In connection with the court's findings herein, the term relevant or relevancy is defined as "any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P 26(b)(1).

The court has reviewed each and every document submitted *in camera* and now issues the following **ORDERS** in connection therewith:

---

[1] The court therefore issues no opinions or orders in connection with the missing pages.

1. Sequentially numbered documents DEFCAMERA000001 - 000030 and DEFCAMERA000586 - 000691, while responsive to the word "audit" contained in Interrogatory No. 15, contain no information even remotely relevant to any issue in this case. Therefore, production of these documents will not be required or ordered.

2. Sequentially numbered documents DEFCAMERA000581 - 000585 are not responsive to either Interrogatory No. 15 or Request for Production No. 4. Further, the documents contain no information relevant to any issue in this case. Therefore, production of these documents will not be required or ordered.

3. Sequentially numbered documents DEFCAMERA000071 - 000558 and DEFCAMERA000692 - 001201 are not responsive to either Interrogatory No. 15 or Request for Production No. 4. Therefore, production of these documents will not be required or ordered.

4. Sequentially numbered documents DEFCAMERA000559-000580 are responsive to Interrogatory No. 15 and are also relevant to the issues in this case given the broad parameters set forth in Fed. R. Civ. P. 26(b)(1). The documents, however, contain certain personal employee performance evaluation data and are therefore confidential and shall only be produced pursuant to the Protective Order entered in this case. [*See* Doc. No. 93.] Additionally, prior to production of these two summary file reviews of the MS Specialists in Colorado, Defendants shall redact the names of the reviewed employee MS Specialists contained on pages DEFCAMERA000559 and DEFCAMERA000570 and replace the names with anonymous designations such as MSS#1, MSS#2, etc. Should any MS Specialist appear on both summary reviews, the designation for that MS Specialist shall be uniform in both redacted reports, e.g.,

Jane Doe will appear as MSS#1 on page 559 and MSS#1 on page 570.  As to each of these two documents, in addition to production as set forth above, Defendants shall respond to Interrogatory No. 15 by providing, "the DATE and name of each audit/survey/study/analysis [and the identity of] all PERSONS who participated in each audit/survey/study/analysis."  (*See* Interrogatory No. 15.)

      5.      The court finds that the internal report produced at DEFCAMERA001274 - 001291 is responsive to both Interrogatory No. 15 and Request for Production No. 4.  It is also relevant to the issues and claims in this case.  Since Defendants treat this document as highly confidential it shall be produced, in full and not redacted, pursuant to the parameters of the Protective Order which is in place in this case.  As to the one report, in addition to production as set forth above, Defendants shall respond to Interrogatory No. 15 by providing, "the DATE and name of each audit/survey/study/analysis [and the identity of] all PERSONS who participated in each audit/survey/study/analysis."  (See Interrogatory No. 15.)

      6.      DEFCAMERA001202 - 001212 appears to have been produced pursuant to the request of Plaintiffs' in Request for Production 4 for the "audit authority and development project or study described by American Family's Fed.R.Civ.P.30(b)(6) witness, Pamela Alsup, during her August 11,2010, deposition in the case of *Fiechtner v. American Family Mut. Ins. Co.* (United States District Court, District of Colorado, Civil Action No. 09-cv-02681-WJM-MEH)."  Based on the court's review, these sequential document numbers appear to be the 'project or

study'[2] which is sought by the Plaintiffs. However, after careful review of the document in its entirety, the court finds the document is not relevant to any issues in this case with the exception of information concerning settlement authority levels contained on one page of the document. However, Claims Bulletin #642 has been produced to the Plaintiffs in discovery in the *Fiechner* case and is part of Plaintiffs' own initial disclosures in this case; information from that bulletin contains the same relevant information regarding settlement authority levels for personnel categories. Therefore, production of this series of document numbers to the Plaintiffs will not be required or ordered.[3]

      7.      DEFCAMERA001213 - 001273 comprise the so-called "Nolan Study," absent Appendices B and C which were not submitted for review. The document is responsive to Interrogatory No. 15 and Request for Production No. 4. Portions of the Study are relevant to the issues and claims in this case. However, other portions of the study are not relevant in any manner to the issues raised in this case and contain highly confidential information concerning the operation of Defendants' business. The information is such that a Protective Order is insufficient to protect the confidentiality interests of Defendants. Therefore, the court will order production only of the relevant portions of the document. Defendants shall produce to the

---

[2] The term "project or study' is used because of Plaintiffs' characterization in Request for Production 4. The court concludes, however, that neither term is contextually applicable to this collection of pages.

[3] The RFP Order as quoted *infra* required Defendants to produce the report. Defendants have complied with that portion of the Order by producing the report in its entirety to the court for *in camera* review.

Plaintiffs the following numbered pages pursuant to the Protective Order: DEFCAMERA001213, 001215 - 001216, 001217 (redacted to remove the names of all participants except those listed as Denver based employees), 001218 - 001220, 001236 - 001243, and 001263 - 001270. Given the redacted nature of the Nolan Study which is being provided pursuant to this order, Defendants shall <u>not</u> be required to independently respond to Interrogatory No. 15 with respect to dates and persons who participated in the study.

8. To the extent Appendix B and Appendix C of the "Nolan Study" have not been produced to the Plaintiffs, Defendants shall produce the two appendices for *in camera* review for judicial determination as to responsiveness and relevancy on or before December 8, 2011.

9. All documents subject to production to Plaintiffs in this Order shall be produced by Defendants on or before December 8, 2011.

IT IS FURTHER **ORDERED**

The Clerk of the Court will receive and retain under seal the documents produced by Defendants for *in camera* review as conventionally filed documents.

Dated this 5th day of December, 2011.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge