IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01096–WJM–KMT

KATHLEEN SEABRON,
ROBERT LAYS,
CARLA LAYS,
KRISTY LARSON, and
VALERIE JENKINS, individually, and as class representatives of behalf of all others similarly situated,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, and
AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,

    Defendants.

# ORDER
___

    This matter is before the court on "Defendants' Motion to Compel Discovery Responses" ("Mot."). [Doc. No. 72, filed October 6, 2011.] Plaintiffs responded on October 18, 2011 [Doc. No. 79] and Defendants replied on October 26, 2011 [Doc. No. 85]. Hearings were conducted on October 31 and November 4, 2011 on this and other motions filed by the parties. While the court provided some initial guidance on the issues contained in the instant motion, the motion was not resolved. However, the parties did meet and confer and submitted modifications to their discovery requests based on the court's comments. *See* "Defendants' Report Re: Meeting of Counsel in Advance of Motions Hearing Set for November 4, 2011" [Doc. No. 91]; "Plaintiffs'

Response to Defendants' Report Re: Meeting of Counsel In Advance of Motions Hearing Set for November 4, 2011" [Doc. No. 94].  With respect to the instant motion, Defendants agreed to modify Interrogatories Nos. 4, 6, 8, 9, 13, 15, 16 and 19 to add the word "material" in front of the first time the word "facts" appears in each of the interrogatories.  Additionally, Defendants withdrew their motion with respect to interrogatories 3, 5 and 11.  As to requests for production of documents (RFP"), Defendants modified the request in RFP 4 and 12 to request a privilege log as accompaniment to Plaintiffs' answers.  Finally, as to RFP 5, 6, 7, 8, 9 and 11 Plaintiffs responded that they had already provided the documents in previous discovery.  On November 4, 2011, the court ordered, "Both sides are required to list all documentary discovery produced to date.  As to each document, the producing party shall indicate to which discovery request the document(s) applies.  Such list and identification is due to exchange on or before November 21, 2011."  See Minutes November 4, 2011 at 2.  As to RFP 5, 6, 7, 8, 9 and 11, the court considers the issues resolved by that Order.[1]  Further, the court ordered the parties to provide privilege logs as to any documents or parts of documents which were withheld in discovery.  Again, the court assumes compliance with its orders at this time.

---

[1] The court is aware of "Defendants' Motion to Compel Plaintiffs' Compliance with Court's November 4, 2011 Minute Order and for Sanctions" [Doc. No. 110] currently pending, however, since that motion has not been fully briefed the court will assume compliance with its orders.

**ANALYSIS**

<u>Interrogatory Nos. 4, 6, 8 ,9, 13, 15, 16 and 19 - Contention Interrogatories and Request for Production Nos. 5, 6, 7, 8, 9 and 11.</u>

The Federal Rules of Civil Procedure, Rule 33 Advisory Notes provide that an interrogatory is not objectionable merely because it calls for an opinion or contention that relates to fact or the application of law to fact. "Efforts to draw sharp lines between facts and opinions have invariably been unsuccessful, and the clear trend of the cases is to permit "factual" opinions. *Id.,* Advisory Notes, 1970 Amendments. The Note goes on to state

> The general rule governing the use of answers to interrogatories is that under ordinary circumstances they do not limit proof. Although in exceptional circumstances reliance on an answer may cause such prejudice that the court will hold the answering party bound to his answer, the interrogating party will ordinarily not be entitled to rely on the unchanging character of the answers he receives and cannot base prejudice on such reliance. The rule does not affect the power of a court to permit withdrawal or amendment of answers to interrogatories. The use of answers to interrogatories at trial is made subject to the rules of evidence. The provisions governing use of depositions, to which Rule 33 presently refers, are not entirely apposite to answers to interrogatories, since deposition practice contemplates that all parties will ordinarily participate through cross-examination. See 4 Moore's Federal Practice ¶ 33.29[1] (2d ed. 1966).

*Id.* (internal citations omitted). Given that proof at trial is not limited by an early answer to a contention interrogatory, the primary concern for the court is to determine when in the discovery process to require the opposing party's response. In this case, given all the information Plaintiffs have received in other cases, Plaintiffs must be aware of many of the material facts which form the basis of their complaint or Fed R. Civ. P. 11(b) would bar the advancement of the claim. Accordingly, they have a duty to answer the interrogatories with whatever factual information they have when the question is posed. *Cook v. Rockwell Intern. Corp.,* 161 F.R.D. 103, 106 (D.

Colo. 1995). Fed. R. Civ. P. 26(e) provides ample procedure for supplementing a response, if necessary. Plaintiffs are therefore ordered to respond fully and completely to Interrogatory Nos. 4, 6, 8 ,9, 13, 15, 16 and 19 with non-privileged information to the best of their knowledge at this time.

To the extent Plaintiffs, after reviewing prior discovery and in light of having now produced a log of documents connected by the Interrogatory or RFP number to which the documents pertain, discover no documents have been produced with respect to RFP Nos. 5, 6, 7, 8, 9 and 11, they shall produce non-privileged responsive documents. If some documents have been previously produced and identified as such, **and** no further responsive documents exist, Plaintiffs shall so state that in a supplemental response. In any event, Plaintiffs shall produce all additional responsive documents identified to this date and certify they have done the same in a supplemental response. To the extent any document or portion thereof is withheld on the basis of privilege, a privilege log shall be generated and produced.

<u>Interrogatory Nos. 7, 10, 12, 14, 17, 18 and 20.</u>

These interrogatories are also contention interrogatories asking for "all facts that support Plaintiffs' allegations in the Third Amended Complaint at paragraph ____, etc." The court will add the term "material" before the first occurrence of the word "facts" as was applied to the previous set of interrogatories. These interrogatories seek information and facts with respect to each individually named plaintiff. Plaintiffs' responses generally simply reference Plaintiffs' initial disclosures and state that the response (to the extent any was given) will be supplemented. This response is inadequate.

Plaintiffs are ordered to fully and completely, to the extent information is not privileged, answer Interrogatory Nos. 7, 10, 12, 14, 17, 18 and 20 to the best of their knowledge at this time in a supplementary response. Plaintiffs' duty to supplement based on information learned through discovery is expressly directed by the Federal Rules of Civil Procedure.

<u>Interrogatory Nos. 23, 24 and 25 and RFP 24 - Adequacy of class counsel.</u>

These interrogatories are premature. The adequacy of class counsel only becomes an issue at the time of class certification. Therefore, Plaintiffs will not be compelled to answer these interrogatories, or respond to RFP 24 at this time. However, information sufficient to respond to these interrogatories and the one RFP shall be provided as part of any motion for class certification. Defendants' right to re-interrogate on this issue shall be preserved.

<u>Interrogatory No. 28.</u>

Defendants ask Plaintiffs for a full factual basis for denial of any Request for Admission ("ROA") and identification of all witnesses with information relevant to the denial. Plaintiffs' response was to reference their responses to the Requests for Admission. (Mot., Ex. 7.) The responses contained no explanation, statement of facts to support why the ROA was being denied or any identification of witnesses with knowledge. Defendants are entitled to this information, therefore Plaintiffs are ordered to supplement their response to Interrogatory No. 28 to include all the requested, non-privileged information concerning Requests for Admission 2, 4 - 11, and 13 - 16.

Interrogatory No. 30.

This interrogatory seeks information about a document contained in Plaintiffs' initial disclosures titled, "How Medical Services Helps AFI Insurance Make a Profit." Defendants claim this document was not created by Defendants and assert the document was fabricated. (Mot. at 10.) Obviously, Defendants may seek to exclude the document from any consideration at trial or by the court. Interrogatory No. 30 seeks information concerning the evidentiary foundation for utilizing this document and is relevant. Plaintiffs' vague and generalized response that in some unidentified case the document may have been a trial exhibit and was supplied to Plaintiffs herein by an unidentified lawyer at an unspecified time or place is wholly inadequate. The information sought by Defendants is not privileged. Plaintiffs are ordered to provide a full and complete answer to "how, and from whom you obtained the document . . . ."

WHEREFORE, "Defendants' Motion to Compel Discovery Responses" ("Mot."). [Doc. No. 72] is GRANTED in part and DENIED in part, as follows:

The Motion to Compel with respect to Interrogatory Nos. 4, 6, 8 ,9, 13, 15, 16 and 19 and RFP Nos. 5, 6, 7, 8, 9 and 11 is GRANTED. Plaintiffs shall respond on or before December 23, 2011.

The Motion to Compel with respect to Interrogatory Nos. 7, 10, 12, 14, 17, 18 and 20 is GRANTED. Plaintiffs shall respond on or before December 23, 2011.

The Motion to Compel with respect to Interrogatory Nos. 23, 24 and 25 is DENIED.

The Motion to Compel with respect to Interrogatory No. 28 is GRANTED. Plaintiffs shall respond on or before December 23, 2011.

The Motion to Compel with respect to Interrogatory No. 30 is GRANTED. Plaintiffs shall respond on or before December 23, 2011.

Dated this 7th day of December, 2011.

BY THE COURT:

*(signature)*

Kathleen M. Tafoya
United States Magistrate Judge