IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01096–WJM–KMT

KATHLEEN SEABRON,
ROBERT LAYS,
CARLA LAYS,
KRISTY LARSON, and
VALERIE JENKINS, individually, and as class representatives of behalf of all others similarly situated,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, and
AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,

    Defendants.

# ORDER

This matter is before the court pursuant to pursuant to an *in camera* review of additional materials submitted by Defendants in accordance with the court's orders on November 4, 2011 [Doc. No. 98], November 17, 2011 [Doc. No. 103], and December 5, 2011 [Doc. No. 120, "*In Camera* Review Order"]. The *In Camera* Review Order set forth in detail the background underlying the court's review and the same will not be repeated here.

Also before the court is Plaintiff's "Motion to Compel Compliance with the Court's November 4, 2011 and November 17, 2011 Orders and Request for Sanctions" [Doc. No. 115,

filed December 1, 2011] ("Mot. Compel").  Defendants responded on December 2, 2011 [Doc. No. 119] ("Resp.") and Plaintiffs filed a Reply on December 6, 2011 [Doc. No. 123].

Additionally, the court considers "Plaintiffs' Motion for Clarification and/or Motion to Compel Regarding Plaintiffs' Interrogatory Number 15 and Request for Production Number 4" [Doc. No. 136, filed January 6, 2012].  The court does not require a response to this motion and therefore decides the matter on the motion and the attached exhibits.  *See* D.C.COLO.LCivR 7.1(C).

### A.   *Motion to Compel*

Plaintiffs originally asserted that, in defiance of the court's orders of November 2 and 17, 2011, Defendants did not respond to Interrogatory No. 15 nor did they produce documents *in camera* for court review.  This allegation proved to be unfounded.  Plaintiffs' motion contained a woefully inadequate conferral statement pursuant to D.C.COLO.LCivR 7.1(A.), which upon close reading, indicated that Plaintiffs' counsel did not pick up the telephone and simply ask whether or not documents were submitted to the court for *in camera* review, and if so, when that was completed.  (Mot. Compel at 1 - 2.)  If proper conferral had been made, the filing of the motion would have been unnecessary.

On the other hand, Defendants did not send Plaintiffs a copy of their cover letters to the court dated November 21, 2011 and November 23, 2011 which would have provided proper notice of Defendants' submissions to the court.[1]  (Resp., Exs. 1 and 2.)  Both parties are at fault

---

[1] It appears that Defendants learned from their mistake and the letter submitting additional documents which will be discussed *infra* was copied to "All Plaintiffs counsel (w/o

for this needless waste of judicial time. The motion should have been withdrawn when Plaintiffs discovered the misunderstanding, but, as is typical in this case, the parties simply continued to run up the costs of litigation by arguing about nothing.

IT IS **ORDERED** that Plaintiffs' "Motion to Compel Compliance with the Court's November 4, 2011 and November 17, 2011 Orders and Request for Sanctions" [Doc. No. 115] is **DENIED**. Sanctions are neither appropriate nor awarded.

### B.     *Review of DEFCAMERA001307 - 001536.*

The court received documents identified as DEFCAMERA001307 - 001536 on or about December 22, 2011. The court has reviewed the documents *in camera* as anticipated by the court's previous order to determine whether the documents are responsive to Plaintiffs' Interrogatory No. 15 and Request for Production of Documents No. 4 and, if so, whether to sustain Defendants' objections to production.

Plaintiffs' Interrogatory No. 15 reads

> 15. Have the medical services or claims legal (legal claims or legal services) departments ever been the subject of any internal or external audit, survey, study, evaluation or other quality control analysis? If so, please describe it (or them) and provide the DATE and name of each audit/survey/study/analysis, IDENTIFY all PERSONS who participated in each audit/survey/study/analysis and IDENTIFY any DOCUMENTS RELATED thereto.

[Doc. No. 67-2.]. The counterpart to Interrogatory No. 15 is Plaintiffs' Request for Production No. 4 which reads

---

enclosures)."

Request for Production No.4: Please identify and produce complete copies of any and all documents, including communications, regarding any audits, surveys, studies or other analyses or consultations performed regarding your organization, including but not limited to the Nolan study (or any other consultation performed by Nolan or Robert E. Nolan Company) described by Christine Frame-Heiman during her October 3, 2010, deposition in the case of *Fiechtner v. American Family Mut. Ins. Co.* (United States District Court, District of Colorado, Civil Action No. 09-cv-02681-WJMMEH), and the audit authority and development project or study described by American Family's Fed.R.Civ.P.30(b)(6) witness, Pamela Alsup, during her August 11,2010, deposition in the case of *Fiechtner v. American Family Mut. Ins. Co.* (United States District Court, District of Colorado, Civil Action No. 09-cv-02681-WJM-MEH).

[Doc. No. 69-2].

Defendants responded to Interrogatory No. 15 as follows:

RESPONSE TO INTERROGATORY NO. 15:

Defendants object to this interrogatory to the extent that it is overbroad, and unduly burdensome, and seeks information not relevant to any claim or defense in this action. In a reasonable effort to respond to this interrogatory, Defendants reviewed the Complaint and determined that Plaintiffs particularly described the following topics as potentially relevant to Defendants' handling of first-party UM/UIM claims in Colorado. For Medical Services: (1) impairment ratings; (2) disagreements with any physician's diagnoses; (3) direct contact with physicians, patients, or others for investigation or additional information; and (4) the purpose of a medical services review evaluation report. For Claims Legal: (1) duties to insureds after a claim has been filed; (2) policies/procedures/guidelines regarding claim investigation/evaluation post-filing of a lawsuit; (3) policies/procedures/ guidelines concerning settling claims and determining settlement amounts; and (4) Policies/procedures/guidelines concerning when and why claims files are transferred to Claims Legal. Defendants object to responding concerning audits, surveys, studies, evaluations, and other quality control analyses not relating to these topics. Subject to and without waiver of the foregoing general and specific objections, Defendants respond that a document entitled Medical Services Project Team Recommendation to Management for the Design of the Department was prepared by the Medical Services Project Team in or about June 2008. This document will be produced pursuant to Defendants' Responses to Plaintiffs' Second Set of Requests for Production, No. 20.

[Doc. No. 67-3, at 16-17.]

Based on the court's detailed review *in camera* of DEFCAMERA001307-001536, it is hereby **ORDERED**:

1.   The court finds that DEFCAMERA001307 - 1423, is responsive to the words "study" and "evaluation" contained in Interrogatory No. 15; however, the document does not contain information relevant to any claims and defenses involved in this case. Therefore, the court SUSTAINS the objections to production filed by Defendants and production of this document will not be required.

2.   The court finds that DEFCAMERA 001424 - 1536 is responsive to the words "survey," "study," and "evaluation" contained in Interrogatory No. 15. Portions of the submission are also relevant to the claims and defenses in this action.

In addition to their relevance objection, Defendants have raised a claim of attorney-client privilege as to "some" of the information in this section. No specific documents were identified. In reviewing DEFCAMERA 001424 - 1536, it does not appear to the court that the information is privileged. The documents relate to employee and stakeholder feedback with respect to certain functions of the legal departments of Defendants (including Claims Legal) and does not appear to relate in any way to communications made in confidence between a client and an attorney, *see EEOC v. Outback Steakhouse of Fla.*, 251 F.R.D. 603, 610 (D. Colo. 2008), but rather relate to how company attorneys can serve and work with other sections of the defendant companies.

Therefore, Defendants' objection to production of DEFCAMERA001493 - 1514 and DEFCAMERA001520 - 1525 is OVERRULED and the documents shall be produced to Plaintiffs on or before **January 20, 2012**. These documents appear to the court to be contained in one "survey," "study," and "evaluation" and therefore, in addition to production as set forth above, Defendants shall respond to Interrogatory No. 15 by providing, "the DATE and name of each audit/survey/study/analysis [and the identity of] all PERSONS who participated in each audit/survey/study/analysis" (See Interrogatory No. 15) on or before **January 20, 2012.** Defendants may invoke provisions of the Protection Order in this case as to these documents.

With respect to the remainder of the documents in this series, Defendants' objections are SUSTAINED because those pages do not contain any matters relevant to the claims or defenses in this case and production of those documents will not be required.

3.      The Clerk of the Court will receive and retain under restricted access Level 3, the documents produced by Defendants for *in camera* review labeled as DEFCAMERA001307 - 001536 as conventionally filed documents.

### *C.     Motion for Clarification*

Plaintiffs seek to have the court "compel Defendants to answer the interrogatory [15] or to otherwise identify (by title, description and date) the materials produced to the Court for in camera review" in connection with the court's orders dated November 4, 2011 [Doc. No. 98], November 17, 2011 [Doc. No. 103], and December 5, 2011 [Doc. No. 120], and presumably, this Order, Section B. While the court's *In Camera* Review Order and Section B of this Order require production of documents in connection with Request for Production of Documents No. 4

based on the language contained therein and in Interrogatory No. 15 as set forth above, Plaintiffs suggest the court has not addressed the manner in which Defendants shall otherwise be required to respond to Interrogatory No. 15. Apparently, Plaintiffs believe they are entitled to an index of all the material which was produced to the court *in camera* as possibly responsive to Interrogatory No. 15. The court disagrees.

First, the court found many of the documents not responsive to the interrogatory;[2] there is certainly no requirement to respond to any interrogatory by listing documents which are <u>not</u> responsive. Such a list would theoretically contain every document in the companies' possession which was not otherwise produced.

Second, the court found many of the documents to be irrelevant and sustained Defendants' objections to the production of those documents.[3] If a document is irrelevant, there is no authority to require a party to identify it. Fed. R. Civ. P 26(b)(1) provides

> Parties may obtain discovery regarding any nonprivileged matter *that is relevant* to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good

---

[2] Sequentially numbered documents DEFCAMERA000581 - 000585 (*In Camera* Review Order ¶ 2) and sequentially numbered documents DEFCAMERA000071 - 000558 and DEFCAMERA000692 - 001201 (*In Camera* Review Order ¶ 3).

[3] Sequentially numbered documents DEFCAMERA000001 - 000030 and DEFCAMERA000586 - 000691 (*In Camera* Review Order ¶ 1);sequentially numbered documents DEFCAMERA001202 - 001212 (*In Camera* Review Order ¶ 6); DEFCAMERA001213 - 001273 except for DEFCAMERA001213, 001215 - 001216, 001217 (redacted to remove the names of all participants except those listed as Denver based employees), 001218 - 001220, 001236 - 001243, and 001263 - 001270 (*In Camera* Review Order ¶ 7). .

> cause, the court may order discovery of any matter *relevant* to the subject matter involved in the action. *Relevant* information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

*Id.* (emphasis added). If a document or survey or audit or other matter about which information is sought is not relevant, it is not discoverable and the opposing party has no obligation to provide any information about it. The submission of questionable documents to the court *in camera* to make the discovery determination is merely a method by which an opposing party may protect itself from an accusation that it has not complied with legitimate discovery obligations. As to those documents with which the court agrees are irrelevant, the opposing party has no obligation to consider those documents responsive under Fed. R. Civ. P. 26. Therefore, there is no more obligation to tell Plaintiffs what those documents are than there would be for Defendants to tell Plaintiffs about the thousands of documents they may have reviewed but determined on their own were not relevant.

As noted by Plaintiffs themselves, it is only where documents are responsive and relevant, but Defendants are withholding production of them under a claim of privilege, that Defendants would be required to "describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." (Mot. Clarify at 6, *quoting* Fed. R. Civ. P. 26(b)(5)9A)(ii).) Defendants raised privilege objections only to a small portion of the documents which are addressed in this order, and the court overruled their objection, finding there was no applicable privilege and ordering production.

Therefore, there is nothing regarding the *in camera* production to the court which could be placed on a privilege log.

As to the redactions which the court has ordered with respect to certain documents, there is no need to produce a privilege log because between the court's explicit order and the documents produced in redacted form, there will be no question what was redacted and why. (See *In Camera* Review Order ¶ 4).

Third, as to most of the documents reviewed by the court which were found both responsive and relevant, the court gave specific directions to Defendants to "respond to Interrogatory No. 15 by providing, 'the DATE and name of each audit/survey/study/analysis [and the identity of] all PERSONS who participated in each audit/survey/study/analysis' " and specifically referenced the requests of Plaintiffs in Interrogatory No. 15. (*In Camera* Review Order ¶¶ 4 and 5; Section B ¶ 2 *infra*). The court assumes this response was timely made since Plaintiffs do not specifically address it.

As to the Nolan Report, the court specifically stated that Defendants were not required to provide any further response to Interrogatory 15. (*In Camera* Review Order ¶ 7.) The documents which were part of the court's in camera review and which were the subject of the court's January 13, 2012 Order were Appendix B and C to the Nolan Report and therefore no further response is required to Interrogatory 15. (Order [Doc. No. 138].)

To the extent Plaintiffs are continuing to object to the parameters under which Defendants originally agreed to provide documents to Plaintiffs prior to the court's intervention (Mot. Clarify at 4), the court will clarify that it did not review the documents *in camera* on the

basis of Defendants' proposed limitations, but rather reviwed them on the basis of Plaintiffs' interrogatory and request for production of documents as they were written and the court's knowledge and understanding of the case based on the voluminous filed-documents and various arguments made by counsel at hearings.

Therefore, it is **ORDERED**

"Plaintiffs' Motion for Clarification and/or Motion to Compel Regarding Plaintiffs' Interrogatory Number 15 and Request for Production Number 4" [Doc. No. 136] is **DENIED**.

Dated this 17th day of January, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge