IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01096–WJM–KMT

KATHLEEN SEABRON,
ROBERT LAYS,
CARLA LAYS,
KRISTY LARSON, and
VALERIE JENKINS, individually, and as class representatives of behalf of all others similarly situated,

      Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, and
AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,

      Defendants.

---

# ORDER

---

    This case is before the court on "Defendants' Motion to Compel Plaintiffs' Compliance with Court's November 4, 2011 Minute Order and for Sanctions" [Doc. No. 110] ("Mot.") filed November 30, 2011.  Plaintiffs' response was filed December 6, 2011 [Doc. No. 124] ("Resp.") and Defendants' Reply was filed on December 9, 2011 [Doc. No. 128] ("Reply").

### *Background*

    This case involves allegations that Defendants have adopted practices in their handling of uninsured motorist/under-insured motorist ("UM/UIM") claims submitted by their policyholders

that are designed to under-compensate and delay payment to their insureds for claimed losses. Defendants deny the allegations.

When responding to requests for production of documents, both sides to this controversy have frequently retorted that the information sought has already been provided in the initial disclosures. Invariably, when one of the parties references its previous initial disclosures, no specific citation to the relevant documents within the initial disclosures has been provided.

A multitude of documents have changed hands, sometimes more than once, over the course of this litigation, including evidence discovered in other cases in which American Family was a defendant. (*See, e.g., Fiechtner v. Am. Family Mut. Ins. Co.*, Case No. 09-cv-02681-WJM-MEH.) A response framed by reference to such a large volume of material is just an alternate way of saying, "the responsive documents are contained somewhere in the universe of all documents we all have viewed at one time or another; it is up to you to figure out what and where." As a result of such non-specific responses, each side was being continually asked to simply guess at what previously produced document(s) were actually responsive to any given request for production. This is not an acceptable practice and is the antithesis of Fed. R. Civ. P. 1's command to proceed in a manner "to secure the just, speedy, and inexpensive determination of every action and proceeding."

In response to a request for production of documents, the requesting party is entitled to know which documents the responding party believes answer the request. It is not sufficient for a party to simply state the document is somewhere in the universe of documents produced. *Bayview Loan Servicing, LLC v. Boland,* 259 F.R.D. 516, 519 (D. Colo. 2009); *Pardick v.*

*Barrow,* No. 07-cv-02056-WYD-MEH, 2008 WL 2902623, at *2 (D. Colo. July 24, 2008) (A general reference to responsive documents is an insufficient response).  *See also DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 680-81 (D. Kan. 2004) (party may not merely refer to other pleadings "hoping that [the party] will be able to glean the requested information from them.")  The days of digging through a dump truck load of random documents hoping your opponent will be unable to find the proverbial needle (or smoking gun) should be a thing of the past.

The court's Order of November 4, 2011, was an attempt to curtail such vague and uninformative discovery responses.  The order required each side to, first, specifically list the universe of all documents provided by that party as Rule 26 discovery in this case.  Second, as to all requests for production of documents ("RFP"), again limited to this case, the responding party was required to list specific documents referenced in part one, which it claimed were responsive to the RFP.  In other words, the specifically identified responsive documents would be a subset of the universe of documents identified in part one of the Order.  It would be singularly unhelpful – not to mention in defiance of the spirit of the court's Order – to simply again list the universe of all documents as being responsive to any given RFP.

Both sides have apparently adequately complied with part one of the court's Order and have specifically identified and numbered the documents which have been previously produced.  Plaintiffs have identified 314 documents.  Defendants allege that Plaintiffs have failed to comply with part two of the court's Order by once again simply stating, albeit in another format, that the documents responsive to Defendants' discovery requests are contained in documents "1 - 314," the plaintiffs' identified universe of documents produced.  (Mot., Ex. 3.)

3

The court notes that, indeed, in response to fourteen of the twenty-six RFPs submitted by Defendants, Plaintiffs have identified the entire universe of documents produced as being specifically responsive to the request.  (*Id.*)  Of those fourteen, however, as to six of the responses, Plaintiffs also identify specific documents set off explicitly in parentheses to the side of the universal response.  (See Mot., Ex. 3, at 2, RFP Nos. 8, 9, 16, 17, 20, and 21.)  The court interprets this convention as Plaintiffs' method of identifying those documents contained within the parentheses as being the 'most' or 'more' responsive to the RFP.  In other words, Plaintiffs conclude that the whole universe of documents could or might be responsive to the RFP because of the way it is phrased, but in their view the identified documents would be the most specifically responsive.

In sum then, as to at least twenty of Defendants' twenty-six RFPs, the Plaintiffs appear to have made a good faith effort to comply with the spirit of the court's November 4, 2011 Order.[1] For instance, in addition to the RFPs discussed above, as to Defendants' RFP No. 22, which requests that Plaintiff "[p]roduce all documents that relate to any compensation, payments, or benefits received by, or on behalf of, Plaintiffs from Defendants," (Reply, Ex. 1 at 9), Plaintiffs identify the sub-set of documents which are responsive to that request as "292, 293."  (Mot., Ex. 3 at 2.)  Again, as to RFP No. 3, which requested a narrow subset of documents responsive to the request, namely "[p]roduce each recorded statement (including, but not limited to, deposition transcripts) given or made by any person identified in Plaintiffs' Initial Disclosures," (Reply, Ex.

_____

[1] Plaintiffs do not identify any responsive documents with respect to RFP nos. 24, 25 and 26 since the court held those requests to be improper "blockbuster" inquiries.

4

1 at 5), Plaintiffs specifically identified "227, 245-253, 291, 294-313."  By virtue of the identification of thirty-one definitive documents out of a universe of three hundred fourteen, the Plaintiffs obviously attempted to comply with the court's Order.[2]  This convinces the court that Plaintiffs knew what the court was requesting of them and knew how to properly respond to an RFP that was narrowly and particularly drawn.

Plaintiffs argue that as to the remaining six RFPs, to which they indicated the entire universe of documents would be responsive, they were forced to designate all the documents because Defendants "propounded extremely broad and overreaching requests for production of documents. . . ."  (Resp. at 3.)  Plaintiffs cite, for example, to RFP number 4 which reads, "Produce *all* documents exchanged between Defendants and Plaintiffs, including, but not limited to, *all* documents related to any policy issued by Defendants to Plaintiffs."  (Reply, Ex. 1 at 12, emphasis added.)  Plaintiffs' responsive identification to RFP No. 4 was "1-314."  (Mot, Ex. 3 at 2.)

A sub-set of documents such as that contemplated by the court can only be identified if the request for production of documents actually seeks something less than the universe of all

---

[2] Neither side has provided a list to the court of the contents of each of the Plaintiffs' three hundred fourteen documents; therefore, the court does not opine on the content of the identification and whether or not such designation is accurate and complete.  The court has only been asked to address whether or not Plaintiffs have complied *in principle* with the November 4, 2011 order with respect to specific identification of previously disclosed documents and whether any are individually responsive to requests for production of documents submitted by a party as part of discovery.

documents contained in the initial disclosures.[3]  Defendants argue a reference to the entire universe of documents is unwarranted as a response to RFP No. 4 because many of the documents identified as the universe of initial disclosures actually originated with Defendants. (Mot. at 4.)  The court considers RFP No. 4 to be a textbook example of a request for which the only appropriate response is the entire universe of documents.  The request is for "*all* documents *exchanged*."  (Reply, Ex. 1 at 5, emphasis added.)  The word exchanged is defined as "to give and receive reciprocally; interchange: to exchange blows; to exchange gifts." *Exchange Definition*, DICTIONARY.COM, http://dictionary.reference.com/browse/exchange?s=t (last visited March 28, 2012) (emphasis added).  The same holds true of RFP No. 2 which reads, "Produce each document that is identified or otherwise mentioned in, or relates to, Plaintiffs' Initial Disclosures."  (Reply, Ex. 1 at 5.)  This request conceivably asks for more information than is in the initial disclosures, but the court's November 4, 2011 Order with respect to the narrow issue of identification of *previously disclosed documents* did not require anything greater than identification of the whole; the order specifically required particularized identification of documents where *less than the whole* was truly responsive, thus taming the temptation to blithely point to the initial disclosures without performing the necessary inquiry to particularize the response.

---

[3] This portion of the November 4, 2011 Order did not deal with production of documents which would have been greater than the universe of documents in the initial disclosures. Motions to compel production of documents on this kind of request were taken up separately by the court.  At issue in the context of this order are requests for production of documents wherein the responding party stated as an answer that the documents had already been produced as part of the initial disclosures and no other outside production was necessary.

The remaining requests as to which Plaintiffs responded with identification of the universe of documents are 1, 5, 6, 7, 15 and 18.  RFP No. 1 asks for documents which *relate to* areas of Interrogatory inquiry. (Reply, Ex. 1.)  The term "relates to" is so amorphous and indeterminate that it invites a universal response; in litigation for any document to be relevant, especially under broad discovery Rules, it must *relate to* some issue germane to the controversy. RFP Nos. 5, 6, 7, 15 and 18  ask for documents which "support" various allegations which are claimed by Plaintiffs to be part of the scheme.  It is this broad word which apparently causes the Plaintiffs to list as responsive all the documents they provided as initial disclosures; by definition, any document produced as part of a party's initial disclosures under Rule 26(a)(1)(A) is relevant to some extent and therefore supports something in a complaint, answer, counterclaim or cross-claim.

However, the court finds that responses to these requests could be answered by referencing the whole, but specifically pointing out documents which are more particularly responsive than others such as the manner in which Plaintiffs responded to RFP Nos. 8, 9, 16, 17, 20, and 21.  For instance, documents responsive to RFP No. 15 could first reference all the initial disclosure documents, however it is clear that documents relating to *concealment* of certain business procedures from Defendants' policyholders is the main thrust of the request. Therefore, Plaintiffs should analyze their documents and identify those which they believe specifically support their allegations concerning concealment.  Therefore, as to RFP Nos. 1, 5, 6,

7, 15 and 18, Plaintiffs shall be required to further amplify their identification of documents consistent with this Order.

It is **ORDERED**

"Defendants' Motion to Compel Plaintiffs' Compliance with Court's November 4, 2011 Minute Order and for Sanctions" [Doc. No. 110] is GRANTED in part and DENIED in part consistent with this Order.  Plaintiffs shall provide further and more detailed responses to Defendants' RFP Nos. 1, 5, 6, 7, 15 and 18 **on or before April 16, 2012.**  In all other aspects the motion is denied.

Dated this 2nd day of April, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge