IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 11-cv-01096-WJM-KMT

KATHLEEN SEABRON,
ROBERT LAYS,
CARLA LAYS, and
KRISTY LARSON,
individually, and as class representatives of behalf of all others similarly situated,

      Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, and
AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,

      Defendants.

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiffs' Motion for Reconsideration of Order Granting Summary Judgment on Claims of Plaintiff Valerie Jenkins.  (ECF No. 169.) Plaintiffs' Motion seeks reconsideration of the Court's Order granting summary judgment to Defendants with respect to Plaintiff Valerie Jenkins's claims.  (ECF No. 165.)  For the following reasons, Plaintiffs' Motion for Reconsideration is denied.

This action is brought by insureds of Defendant American Family Mutual Insurance Company ("American Family") and insureds of Defendant American Standard Insurance Company of Wisconsin ("American Standard"), alleging that Defendants unreasonably denied payment, delayed payment, and/or offered unreasonably low payments on uninsured and/or under-insured ("UM/UIM") claims

submitted by the insureds.[1]  (ECF No. 47.)  In the Order granting partial summary judgment, the Court granted summary judgment in favor of Defendants on all claims brought against them by Plaintiff Valerie Jenkins in this action.[2]

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  "A motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence."  *National Business Brokers, Ltd. v. Jim Williamson Products, Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (internal citations and quotation marks omitted).

The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed.  *See Does*, 204 F.3d at 1012.  Absent extraordinary circumstances, arguments that could have been raised in the original briefing on the dispute in question may not be made in a motion for reconsideration.  *Id.*  Because the conditions that justify granting a motion to reconsider are rarely present, such motions are disfavored and should be equally rare.  *See Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

---

[1]  American Standard is a wholly owned subsidiary of American Family. (ECF No. 47, ¶ 18; ECF No. 51, ¶ 18.)  Because the distinction between the two Defendants is not material to the resolution of the Motion, and for purposes of simplicity, the Court in this Order will refer to both Defendants jointly as "Defendants."

[2]  The Court's other holdings regarding Defendants' Motion for Summary Judgment are stated in the Order.  (ECF No. 165.)

In their Motion, Plaintiffs argue that Defendants' Motion for Summary Judgment on Plaintiff Valerie Jenkins's claims should have been denied because there was no consideration for Ms. Jenkins's Release of her claims, and because she was "coerced" into signing such Release.[3]  (ECF No. 169 at 2-7.)  The Court has carefully analyzed the Motion for Reconsideration, the Court's Order granting partial summary judgment, the briefing on Defendants' underlying Motion for Summary Judgment, and the Release at issue.  Based on that analysis, the Court concludes that its Order granting summary judgment to Defendants with respect to Plaintiff Valerie Jenkins's claims was not clearly erroneous.  *See King v. Comm'r of Internal Revenue*, 207 F. App'x 681, 683 (7th Cir. 2006) ("Reasonable minds might disagree over the interpretation of the [piece of evidence], but such a disagreement is insufficient to amount to clear error.")

In accordance with the foregoing, it is therefore ORDERED that Plaintiffs' Motion for Reconsideration of Order Granting Summary Judgment on Claims of Plaintiff Valerie Jenkins (ECF No. 169) is DENIED.

Dated this 24th day of July, 2012.

BY THE COURT:

William J. Martínez
United States District Judge

---

[3] Plaintiffs do not argue that there has been an intervening change in the controlling law or that new evidence not previously available exists, nor has the Court independently identified any such new development in the law or facts.