**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 11-cv-01096-WJM-KMT

KATHLEEN SEABRON,
ROBERT LAYS,
CARLA LAYS, and
KRISTY LARSON,
individually, and as class representatives of behalf of all others similarly situated,

      Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, and
AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,

      Defendants.

---

## ORDER SETTING SCHEDULE FOR CLASS CERTIFICATION HEARING

---

The Court will conduct a two-day evidentiary hearing on Plaintiff's Motion for Class Certification.  (ECF No. 213.)  The parties have filed their proposed witness and exhibit lists.  (ECF Nos. 285-88.)  Having reviewed these documents, the Court hereby notifies the parties that the hearing will follow this schedule:

Day 1:       Opening Statements (maximum of 15 minutes per side)

                 Plaintiffs shall present their case

Day 2:       Defendants shall present their case

                 Closing Statements/Argument (maximum of 30 minutes per side)

The parties are on notice that the Court may revise this schedule after ruling on Defendant's Motion *in Limine* and it is possible that Defendant will have to call its witnesses on day one.  (ECF No. 289.)  Regardless of the length of the hearing, the

Court expects counsel to conduct efficient, crisp witness examination and to focus on the standard for class certification set forth in Rule 23.  This setting will not be allowed to be transformed into a hearing on the merits of Plaintiffs' claims.

Additionally, in its order setting the evidentiary hearing, the Court directed the parties to the Undersigned's Practice Standards, which require the parties to meet and confer regarding the proposed exhibits and, to the maximum extent possible, stipulate to the authenticity and admissibility thereof.  (ECF No. 262; WJM Revised Practice Standard V.F.1.)  The exhibit lists filed by the parties list <u>no</u> stipulated exhibits as to either authenticity or admissibility.  This is wholly unacceptable to the Court.

Therefore, it is ORDERED that counsel are to meet and confer in person no later than May 30, 2013 in regards to the proposed exhibit lists.  Revised exhibits lists reflecting the parties' efforts to stipulate to the admissibility of their respective exhibits must be filed no later than 12:00 noon on June 4, 2013.

Finally, the Court has reviewed Defendant's Motion to Strike Rule 23 Expert Testimony of Bradley Levin and Lorraine Berns.  (ECF No. 244.)  The Court has considered the arguments raised by the parties and sees no reason to address the Motion to Strike in advance of the hearing.  There is no jury involved at this stage of the proceeding and the Court is capable of hearing the testimony from these experts and determining whether and/or to what extent such evidence is admissible pursuant to Federal Rule of Evidence 702.  Accordingly, Mr. Levin and Ms. Berns will be permitted to testify at the upcoming hearing and the Court will rule on Defendant's Motion to Strike at the same time it rules on the Motion for Class Certification.

Dated this 24th day of May, 2013.

BY THE COURT:

_____
William J. Martinez
United States District Judge