**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01096-WJM-KMT

KATHLEEN SEABRON,
ROBERT LAYS,
CARLA LAYS, and
KRISTY LARSON,
individually, and as class representatives of behalf of all others similarly situated,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, and
AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION *IN LIMINE***

---

This case is set for a two-day evidentiary hearing on Plaintiffs' Motion for Class Certification.  (ECF No. 213.)  On May 23, 2013, the parties filed their proposed witness lists for the hearing.  (ECF Nos. 285-86.)  Before the Court is Defendants' Motion *in Limine* to Strike Plaintiffs' Designation of Raymond Daye, Lori Loman, and Certain Non-Specific 30(b)(6) Testimony of American Family as Witnesses ("Motion").  (ECF No. 289.)  For the reasons set forth below, the Motion is granted in part and denied in part.

### I.  PROCEDURAL HISTORY

Discovery in this case closed on October 21, 2012.  (ECF No. 196.)  Plaintiffs' Motion for Class Certification was filed on November 9, 2012.  (ECF No. 213.)  Briefing on the Motion for Certification was complete in January 2013 and the Court set a two-

day evidentiary hearing. (ECF Nos. 265 & 267.)

On May 2, 2013, Plaintiffs filed a Motion to Supplement their Motion for Class Certification. (ECF No. 277.) Plaintiffs sought to supplement the record on their certification motion with three depositions that were taken after the motion was filed in *Luben v. American Family*, an unrelated litigation. (*Id.*) Specifically, Plaintiffs sought to include depositions of Raymond Daye, Lori Loman, and American Family's Rule 30(b)(6) deponent. (*Id.*) Defendants opposed the Motion to Supplement on the grounds that they did not have the opportunity to fully develop the record in those depositions and on the grounds that the evidence sought to be admitted through those depositions was irrelevant to class certification. (ECF No. 279.) The Court denied the Motion to Supplement based on its findings that Plaintiffs were attempting to circumvent the scheduling order in this case in a manner that would prejudice Defendants. (ECF No. 281.)

After receiving the Court's ruling on the Motion to Supplement, Plaintiffs filed their proposed Witness Lists for the hearing on class certification. (ECF No. 286.) Plaintiffs' Witness List includes Mr. Daye, Ms. Loman, and "American Family through its 30(b)(6) testimony". (*Id.*) The same day Plaintiffs' Witness List was filed with the Court, Defendants filed the instant Motion *in Limine*. (ECF No. 289.)

## II. ANALYSIS

Defendants move for an order precluding Plaintiffs from calling at the hearing Mr. Daye and Ms. Loman as live witnesses and from introducing into evidence the Rule 30(b)(6) deposition testimony. (ECF No. 289 at 4.) Plaintiffs oppose the Motion. (ECF

No. 293.) The Court will first address the admissibility of the Rule 30(b)(6) deposition testimony and then address whether Plaintiffs will be permitted to call Mr. Daye and Ms. Loman as live witnesses.

**A.     Rule 30(b)(6) Deposition Testimony**

Defendants move to exclude the Rule 30(b)(6) deposition testimony taken in *Luben* on the grounds that it is not admissible or relevant to this litigation. (ECF No. 289 at 3.)

Plaintiffs contend that they are permitted by Federal Rule of Civil Procedure 32(a)(3) to use testimony "for any purpose." (ECF No. 293 at 1.) Rule 32(a)(3) governs using depositions and provides: "Deposition of Party, Agent, or Designee. An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Plaintiffs correctly argue that the Rule allows Rule 30(b)(6) deposition testimony to be used "for any purpose", but the Rule explicitly states that this right belongs to "[a]n adverse party". The "adverse party" when the pertinent Rule 30(b)(6) testimony was taken was Mr. or Mrs. Luben, who are not parties to this litigation. Plaintiffs' counsel is not the "adverse party" and, therefore, does not have a right to use this Rule 30(b)(6) testimony "for any purpose" in *this* litigation.

Plaintiffs also contend that they are permitted to use the Rule 30(b)(6) testimony in this case because it is a "binding party admission". (ECF No. 293 at 2.) However, this misapprehends the nature of Rule 30(b)(6) testimony. The testimony of the Rule 30(b)(6) designee is deemed to be the testimony of the corporation itself. However,

Rule 30(b)(6) depositions produce evidence, not judicial admissions. *State Farm Mutual Auto. Ins. Co. v. New Horizon*, Inc., 250 F.R.D. 203, 212 (E.D. Pa. 2008). A Rule 30(b)(6) deponent testifies as if he is the corporation, but Rule 30(b)(6) does not "absolutely bind a corporate party to its designee's recollection." *A.I. Credit Corp. v. Legion Ins. Co.*, 265 F.3d 630, 637 (7th Cir. 2001). Rule 30(b)(6) testimony "can be contradicted and used for impeachment purposes," but it "is not a judicial admission that ultimately decides an issue." *Industrial Hard Crome, Ltd. v. Hetran, Inc.*, 92 F. Supp. 2d 786, 791 (N.D. Ill. 2000).

Moreover, even if Rule 30(b)(6) testimony were akin to an admission, such admission is applicable only in the case in which it is made. *See Glick v. White Motor Co.*, 458 F.2d 1287, 1291 (3d Cir. 1972) ("Judicial admissions are binding for the purpose of the case in which the admissions are made including appeals . . . ."); *Rottmund v. Cont'l Assurance Co.*, 761 F. Supp. 1203, 1207 (E.D. Pa. 1990) (finding that allegation made by defendants in prior action was not binding admission—nor conclusive of facts—in subsequent case).

Plaintiffs generally argue that "[t]here is no requirement that the Rule 30(b)(6) admissions be obtained through discovery in the case in which they are used." (ECF No. 293 at 1.) Notably, Plaintiffs cite no support for this contention—likely because, as discussed above, it is plainly incorrect. There is no support for Plaintiffs' contention that American Family's Rule 30(b)(6) deposition testimony in *Luben* constitutes binding admissions in this case. As such, the Court will not permit Plaintiffs to use the Rule 30(b)(6) deposition testimony from the *Luben* case at the class certification hearing.

**B.      Live Testimony from Mr. Daye and Ms. Loman**

Defendants argue that the "same reasons given by this Court for excluding the *deposition* testimony of Mr. Daye and Ms. Loman likewise require the exclusion of Mr. Daye's and Ms. Loman's *live* testimony." (ECF No. 289 at 2) (emphasis in original). However, the Court's basis for denying Plaintiffs' Motion to Supplement was that Defendants did not have the opportunity to properly develop the record during Mr. Daye's and Ms. Loman's depositions. (ECF No. 281 at 2.) As Plaintiffs point out, the same is not true if these witnesses are called to present live testimony. Therefore, the Court's prior reasoning does not bar Plaintiffs from calling Mr. Daye and Ms. Loman to give live testimony at the class certification hearing.

Defendants also contend that Mr. Daye and Ms. Loman should be barred from presenting testimony because they were not identified in Plaintiffs' Rule 26 discovery disclosures made in this case. (ECF No. 289 at 2.) Defendants move to exclude these witnesses under Rule 37(c). (*Id.*) Plaintiffs admit that these witnesses were not disclosed but argue that Defendants suffer no prejudice from the lack of disclosure because both Mr. Daye and Ms. Loman are American Family employees. (ECF No. 293 at 4.) While this is a much closer call, the Court finds that the potential prejudice to Defendants of allowing Mr. Daye and Ms. Loman to testify at the hearing is not so significant that the Court should bar their testimony on this basis. While they were not identified in Plaintiffs' Rule 26 disclosures, these individuals had involvement with claim files produced by Defendants in this case. These witnesses are Defendants' employees and, therefore, Defendants will have access to these individuals before the

class certification hearing, such that their testimony should not come as a surprise to the Defendants.  Balancing all these factors, the Court finds that in these circumstances the failure to disclose Mr. Daye and Ms. Loman during the class discovery period should not result in the Court excluding their testimony at the hearing, and that the interests of justice are better served by allowing the referenced testimony.  *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (recognizing that Rule 37(c) vests broad discretion with the trial court).

Finally, Defendants argue that Mr. Daye's and Ms. Loman's testimony is irrelevant to the class certification hearing.  (ECF No. 289 at 2-3.)  At this point in the proceeding, the Court does not have sufficient information about the subject matter of their testimony to rule on its relevance and, therefore, will not preclude the testimony altogether based on this objection.  However, Defendants are free to make appropriate objections during Mr. Daye's and Ms. Loman's testimony and the Court will address relevance or any other basis for an objection at that point.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion *in Limine* to Strike Plaintiffs' Designation of Raymond Daye, Lori Loman, and Certain Non-Specific 30(b)(6) Testimony of American Family as Witnesses (ECF No. 289) is GRANTED IN PART and DENIED IN PART;

2. At the class certification hearing, Plaintiffs will not be permitted to present deposition testimony from American Family's Rule 30(b)(6) designee in the *Luben v. American Family* case; and

3.      Plaintiffs will be permitted to call Mr. Raymond Daye and Ms. Lori Loman as live witnesses at the class certification hearing.

Dated this 30th day of May, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge