**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01096-WJM-KMT

KATHLEEN SEABRON,
ROBERT LAYS,
CARLA LAYS, and
KRISTY LARSON,
individually, and as class representatives of behalf of all others similarly situated,

      Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, and
AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,

      Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO STRIKE THE RULE 23 EXPERT
TESTIMONY OF BRADLEY A. LEVIN AND LORRAINE BURNS**

---

This case is set for a two-day evidentiary hearing on Plaintiffs' Motion for Class

Certification.  (ECF No. 213.)  At the hearing, Plaintiffs intend to call as witnesses two

experts that they have retained in this case: Bradley Levin and Lorraine Berns.  (ECF

No. 298.)  Before the Court is Defendants' Fed. R. Civ. P.[1] 702 Motion to Strike the

Rule 23 Expert Testimony of Bradley A. Levin and Lorraine Berns ("Motion").  (ECF No.

244.)  For the reasons set forth below, the Motion is denied.

## I.  LEGAL STANDARD

A district court must act as a "gatekeeper" in admitting or excluding expert

---

[1]  As there is no Rule 702 in the Federal Rules of Civil Procedure, the Court presumes
that Defendants intended to file the instant Motion pursuant to Federal Rule of Evidence 702,
which governs admissibility of expert opinions.

testimony. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2004).  Admission

of expert testimony is governed by Rule 702[2], which provides:

> If scientific, technical, or other specialized knowledge will
> assist the trier of fact to understand the evidence or to
> determine a fact in issue, a witness qualified as an expert by
> knowledge, skill, experience, training, or education, may
> testify thereto in the form of an opinion or otherwise, if (1)
> the testimony is based upon sufficient facts or data, (2) the
> testimony is the product of reliable principles and methods,
> and (3) the witness has applied the principles and methods
> reliably to the facts of the case.

Fed. R. Evid. 702.

The proponent of the expert testimony bears the burden of proving the

foundational requirements of Rule 702 by a preponderance of the evidence.  *United*

*States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

## II.  ANALYSIS

Defendants contend that Mr. Levin and Ms. Berns fail to offer any opinions that

are relevant to the issue of whether this case is appropriate for class certification.  (ECF

No. 244 at 5.)  The Court will address Mr. Levin and Ms. Berns separately below.

### A.   Bradley Levin

Mr. Levin is an attorney who has reviewed approximately twenty claim files

---

[2]  The parties dispute whether Rule 702 applies to a class certification hearing.
Defendants contend that the rule applies and bars Plaintiffs' expert testimony.  (ECF No. 244 at
2-4.)  Plaintiffs contend that the rule does not apply because the judge is the decision-maker.
(ECF No. 258 at 4-5.)  The Court need not resolve this dispute because, even if the Court
presumes Rule 702 applies, it finds that Plaintiffs' expert testimony is admissible for purposes
of class certification.

involving UM/UIM claims made against Defendants.  (Levin Report[3] at 2.)  He states

that he has "observed many of the misdeeds complained of by plaintiffs here which, in

[his] opinion, constitute unreasonable actions contrary to applicable standards

governing conduct by insurance companies in Colorado, violations of the insurer's

duties of good faith and fair dealing towards its insureds, and, in some instances, willful,

wanton, and obdurate misconduct by American Family."  (*Id*.)  Mr. Levin specifically

opines that Defendants' use of the medical services unit is unreasonable in that the

medical providers make diagnoses for which they are not qualified.  (*Id*. at 3.)  Mr. Levin

also opines about the propriety of how Defendants use their legal services department.

(*Id*. at 4-5.)

Defendants move to strike these opinions from consideration by the Court in

conjunction with Plaintiffs' certification motion.  (ECF No. 244 at 6-7.)  Defendants

contend that Mr. Levin has "merely identified anecdotes and then *speculates* that the

named and absent Plaintiffs in the putative class share the injury as the 'approximately

twenty' matters he has observed."  (*Id*. at 6 (emphasis in original).)  Defendants criticize

the fact that Mr. Levin has not reviewed any of the fifty randomly chosen claim files and

that the "approximately twenty" files on which Mr. Levin bases his opinions are not a

statistically significant sample.  (*Id*.)

The Court finds that Defendants' argument about Mr. Levin's opinions go to the

weight the Court should afford his opinions rather than to their admissibility.  *See*

---

[3]  Both Mr. Levin's and Ms. Berns's expert reports were exhibits filed in support of Plaintiff's Motion for Class Certification.  These materials were filed conventionally and, therefore, the Court refers to them only by the title of the document.

*Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1544 (10th Cir. 1996)

("Technical or methodological deficiencies in the survey, including the sufficiency of the

universe sampled, bear on the weight of the evidence, not the survey's admissibility.")

While Mr. Levin did not review any of the randomly selected claim files, he has

reviewed approximately twenty files out of a class over just over two hundred.  This

sample size is not so insignificant that the Court must bar the testimony altogether.  The

Court will consider the fact that Mr. Levin's sample was not randomly selected and that

Mr. Levin does not appear to have conducted any review of the 50 claims files that

Defendants produced for the purpose of determining whether Plaintiffs' claims are

amendable to class certification.  While the Court will consider these issues in

determining how much weight to give the evidence, the arguments made by Defendants

do not lead the Court to conclude that Mr. Levin's opinions are altogether inadmissible.

**B.     Lorraine Berns**

Ms. Berns has 19 years of experience as a claims handler and processor at

State Farm insurance company.  (Berns Report at 3.)  Her expert report provides

significant detail regarding the manner in which each of the named Plaintiffs' claims

were handled by Defendants.  (*Id*. at 5-32.)  Ms. Berns sets forth her understanding of

many of the industry standards for claims handling and processing of UM/UIM claims.

(*Id*. at 32-33.)  Based on her review of the named Plaintiffs' claim files, as well as other

claim files she has reviewed during the last few years, she opines that Defendants'

claims handling is deficient in the following ways: (1) use of the legal department to

sidetrack claims and force the insured to institute litigation; (2) failing to train their

claims processors; (3) maintaining "secret rules" for how they value and pay claims; (4) overuse and misuse of their medical department; and (5) unduly delaying claims processing. (*Id*. at 33-44.)

Defendants appear to be arguing that the Court should exclude Ms. Berns's opinions and testimony because it is not relevant to the class certification issue. (ECF No. 244 at 5.) The Court disagrees. One of the requirements for class certification under Rule 23(a) is that the named Plaintiffs' claims are typical of the class in general. In order to make that determination, the Court must have sufficient information about the nature of the named Plaintiffs' claims. Additionally, while the class certification process is not a determination of the merits, there is inevitably some overlap. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (when considering class certification under Rule 23, the district court must perform a "rigorous analysis" of the plaintiff's claims which "will entail some overlap with the merits of the plaintiff's underlying claim."). Ms. Berns's opinions on industry standards in general and as applied to Defendants' policies and practices goes to the merits of the named Plaintiffs' underlying claims. Therefore, the Court finds that Ms. Berns's report and proposed testimony is relevant to the class certification issue. *See* Fed. R. Evid. 401 (evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence.").

Defendants also contend that Ms. Berns's opinions are unreliable because her opinions are seemingly offered as applicable to all American Family insureds when there is no evidence that Ms. Berns has reviewed even a statistically significant sample of claims handled by Defendants. (ECF No. 244 at 7-8.) As with Mr. Levin, the Court

finds that this argument goes to the weight the Court should give to the evidence rather than to its admissibility.  *See Harolds Stores*, 82 F.3d at 1544.  The Court will again consider the lack of randomness in the pool of claims that Ms. Berns reviewed, as well as the number of claims, in deciding how much weight to afford her opinions. Defendants are, of course, free to explore the weaknesses in Ms. Berns's analysis during cross-examination at the hearing.

### III.  CONCLUSION

For the reasons set forth above, Defendants' Fed. R. Civ. P. 702 Motion to Strike the Rule 23 Expert Testimony of Bradley A. Levin and Lorraine Berns (ECF No. 244) is DENIED.

Dated this 4th day of June, 2013.

BY THE COURT:

William J. Martinez
United States District Judge