**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01096-WJM-KMT

KATHLEEN SEABRON,
ROBERT LAYS,
CARLA LAYS, and
KRISTY LARSON,

        Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, and
AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,

        Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION TO BIFURCATE TRIALS

---

Plaintiffs Kathleen Seabron, Robert Lays, Carla Lays, and Kristy Larson (collectively "Plaintiffs") bring this action against Defendants American Family Mutual Insurance Company and American Standard Insurance Company (together "Defendants").  The case was originally filed as a class action brought on behalf of all Colorado residents who have had claims on their uninsured/underinsured motorist policies submitted to Defendants' medical services or legal services divisions.  (ECF No. 47.)  However, because the Court denied Plaintiffs' Motion for Class Certification, this action is proceeding only as to the above-named Plaintiffs.  (ECF No. 310.)

Before the Court is Defendants' Motion to Bifurcate Trials ("Motion").  (ECF No. 324.)  For the reasons set forth below, the Motion is granted.

## I.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 42(b), a district court has broad

discretion to order separate trials.  *See United States ex rel. Bahrani v. ConAgra, Inc.*,

624 F.3d 1275, 1283 (10th Cir. 2010).  The Court may order a separate trial of one or

more separate issues or claims "[f]or convenience, to avoid prejudice, or to expedite

and economize . . . "  Fed. R. Civ. P. 42(b).  Doing so, however, is an abuse of

discretion if it is unfair or prejudicial to a party.  *See Angelo v. Armstrong World Indus.,*

*Inc.*, 11 F.3d 957, 964 (10th Cir. 1993).

## II.  ANALYSIS

Defendants move to bifurcate this case into three trials: one involving Ms.

Seabron's claims, one involving the claims of Mr. and Mrs. Lays, and one for Ms.

Larson's claims.[1]  (ECF No. 324.)  Defendants argue that "separate trials are

appropriate because Plaintiffs' claims are separable, the evidence and witnesses are

unique to each case, and because a single proceeding will likely confuse the jury and

unduly prejudice Defendants."  (*Id.* at 1.)  Plaintiffs oppose bifurcation arguing that it

would increase the risk of inconsistent verdicts, dramatically increase the cost of

prosecuting their claims, compromise convenience and efficiency, and prejudice their

ability to present evidence of Defendants' "pervasive and unlawful business practices".

(ECF No. 325 at 2.)

For many of the same reasons previously discussed by the Court is its order

denying class certification (ECF No. 310), the Court finds that Plaintiffs' claims are

---

[1]  Because Mr. and Mrs. Lays's claims would be tried together, the Court will refer to this case as involving three claims.

separable.  The key issue at trial will be whether Defendants acted in bad faith in the manner in which they processed each Plaintiff's claim file.  This is a fact-specific inquiry, as the finder of fact must take into account all information known by the insurer at the time a decision is made, look at the entire course of conduct between the parties, and decide whether the insurer's conduct was reasonable.  *Dale v. Guaranty Nat'l Ins. Co.*, 948 P.2d 545, 552-53 (Colo. 1997).  Thus, even if the Plaintiffs' claims were tried together, the jury would be tasked with determining whether each Plaintiff had shown that Defendants acted in bad faith by the manner in which his or her particular claim was processed.  *See Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 891 (7th Cir. 2011) (each plaintiff must show that the insurer acted unreasonably in adjudicating his claim).

In its Order denying Plaintiffs' Motion to Certify, the Court noted a few of the differences in how Plaintiffs' claim files were handled by Defendants, including:  Ms. Larson's claim was referred to Medical Services while the others were not; Ms. Seabron was the only Plaintiff who was asked to secure a "no other insurance" letter from the underinsured driver; and Mr. and Mrs. Lays were the only Plaintiffs who were told that the cost of their individual medical exams ("IMEs") would come out of Defendants' settlement offer to them.  (ECF No. 310 at 15-16.)  In the instant Motion, Defendants point to a number of additional differences that will materially affect trial, including the fact that each Plaintiff's claim was handled by a different adjuster, and each claim involves claim-specific medical records and bills, alleges different injuries and damages, and will require different medical experts.  (ECF No. 324-1 at 4.)  Given the significant factual differences in each Plaintiff's claim file, coupled with the individualized inquiry

required to determine whether Defendants acted in bad faith toward each Plaintiff, the Court finds that the claims are separable.

Plaintiffs argue that they would be prejudiced by bifurcation because separate trials could result in inconsistent verdicts.  (ECF No. 325 at 5.)  However, the Court disagrees with Plaintiffs' contention that, if separate trials are ordered, each jury will be considering the "same issues".  (*Id.*)  The jury must separately consider each Plaintiff's claim file, and the facts known to Defendants that are pertinent to each claim file.  Thus, even if one Plaintiff prevails while the others lose, these verdicts would not actually be inconsistent, because each jury is considering only whether Defendants acted in bad faith when adjusting that particular Plaintiff's file.  The difference in such verdicts would not be because the various juries considered the same facts and arrived at different results; rather, the juries would be considering the different facts present in each case.

Instead of showing prejudice to Plaintiffs, the individualized nature of the inquiry supports Defendants' argument that they would be prejudiced if the cases are tried together.  As noted above, the three cases were handled very differently.  A different insurance adjuster would have to testify about each Plaintiff's claim, a different medical expert would testify about each Plaintiff's injuries, and different records and bills would be introduced into evidence for each claim file.  If tried together, the jurors would have to attempt to keep the facts relevant to each Plaintiff's claim file separate so that they could determine whether Defendants acted in bad faith towards that Plaintiff.  This task causes needless confusion and could easily overwhelm the jurors, resulting in an unfair verdict for Defendants.

Plaintiffs point out that some witnesses will overlap amongst the three Plaintiffs' claims, particularly Plaintiffs' expert witnesses.  (ECF No. 325 at 5.)  Plaintiffs argue that having to call the same two expert witnesses at three separate trials unfairly increases the cost to prosecute their claims.  (*Id*.)  The Court finds this argument unavailing given the right to recover attorneys' fees and costs if any Plaintiff should prevail on his or her claim.  *See* Colo. Rev. Stat. § 10-3-1116(1) (stating that an insured whose claim is unreasonably delayed or denied may recover "reasonable attorney fees and court costs and two times the covered benefit."); *Hall v. Am. Standard Ins. Co.*, 292 P.3d 1196, 1200 (Colo. App. 2012) (attorneys' fees are permissible damages in a statutory bad faith claim).  The increased cost is not so significant that Plaintiffs will be unable to pursue their individual cases.

Moreover, the fact that Plaintiffs would have the same two expert witnesses testify about each of the three claim files at a joint trial further shows that a joint trial would prejudice Defendants.  Though the experts may give an overview of Defendants' claim handling processes that would apply to each of the Plaintiffs' claims, the experts would also have to separately discuss each claim file in order to offer an opinion as to whether Defendants acted in bad faith when handling that file.  Because the jury must make an individualized inquiry as to each Plaintiff's claim, the jury will be required to attempt to keep separate the experts' opinions about each claim file, which would be a difficult (if not impossible) task.

The Court also finds that a joint trial would prejudice Defendants because Plaintiffs' expert witnesses would be permitted to testify about a wide-range of Defendants' policies and practices, despite the fact that these practices may have been

used in processing only one Plaintiff's claim file.  For example, an expert testifying in a joint trial would be permitted to offer an opinion about the reasonableness of taking the cost for an IME out of any settlement amount because this occurred during the Lays's claim processing.  This evidence is not relevant to whether Defendants' acted in bad faith while handling Ms. Seabron's claim or Ms. Larson's claim because no such statement was made to them, and would not be admissible in their cases if there were separate trials.  This is but one example of how the jury would hear a multitude of otherwise inadmissible evidence if the Plaintiffs' claims are tried together.

The Court acknowledges that presiding over three trials rather than one will take up significantly more judicial resources than would be expended on a joint trial. However, the Court finds it necessary to expend these additional resources to prevent prejudice to Defendants.  A joint trial would result in the admission of irrelevant evidence, juror confusion, and would make it exceptionally difficult for Defendants to receive the requisite individualized consideration of how each Plaintiff's claim file was handled. Given this significant possibility of prejudice to Defendants, the Court finds that separate trials are warranted.

### III.  CONCLUSION

For the reasons set forth above, Defendants' Motion to Bifurcate Trial (ECF No. 324) is GRANTED.  The Court will set three separate trials following entry of the Final Pretrial Order by the Magistrate Judge.

Dated this 6th day of August, 2014.

BY THE COURT:

William J. Martinez
United States District Judge